USCA1 Opinion

 

 September 30, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1149 THOMAS JOHN CONOWAL, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ____________________ Thomas John Conowal on brief pro se. ___________________ Daniel F. Lopez Romo, United States Attorney, and Jorge E. Vega- ____________________ _______________ Pacheco, Assistant United States Attorney, on brief for appellee. _______ ____________________ ____________________ Per Curiam. This is an appeal from the denial of __________ appellant Thomas John Conowal's 28 U.S.C. 2255 motion to vacate his sentence. BACKGROUND __________ Conowal pleaded guilty to knowingly importing into the Customs territory of the United States from Colombia, South America, 481 kilograms of cocaine in violation of 21 U.S.C. 952(a) and 18 U.S.C. 2. At the change-of-plea hearing, Conowal admitted that he had imported the cocaine from Colombia into this country, indicated that his plea was voluntary, and stated that he was satisfied with his attorney's representation. Based on Conowal's substantial assistance, the judge departed downward from the guideline sentencing range (188-235 months) and sentenced him to 120 months imprisonment, a fine of $20,000, and a supervised release term of five years. Conowal subsequently pursued a pro se appeal in which he attempted to raise a Sixth ___ __ Amendment issue. In an unpublished opinion, we decided that it would be premature to address such a claim. We, thus, affirmed the judgment of the district court, without prejudice to the filing of a 2255 motion. Accordingly, Conowal filed the instant 2255 motion. He raised three grounds for relief: (1) his confession was obtained in violation of his Miranda rights; _______ (2) an unconstitutional search of suitcases inside the airplane he was piloting resulted in the seizure of the cocaine; and (3) his counsel provided ineffective assistance by failing to litigate grounds one and two. The magistrate judge to whom the motion had been referred recommended denying it. The district judge adopted the magistrate's report and recommendation. On appeal, Conowal presses only his Sixth Amendment ineffective assistance of counsel claim. DISCUSSION __________ To prevail on a Sixth Amendment challenge, Conowal must satisfy the standards of Strickland v. Washington, 466 __________ __________ U.S. 668 (1984) -- (1) counsel's performance fell below an objective standard of reasonableness; and (2) Conowal was prejudiced as a result of his attorney's incompetence. Because the principal basis of Conowal's Sixth Amendment claim is the alleged unlawful search and seizure, he must also show that his Fourth Amendment claim is meritorious, see ___ Kimmelman v. Morrison, 477 U.S. 365, 374-75 (1986), and that, _________ ________ but for counsel's failure to file a pretrial suppression motion, there is a reasonable probability that he would not have chosen to plead guilty but would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). ___ ____ ________ We hold that the search at issue was a lawful warrantless one. In so deciding, we first examine the nature of the encounter between Conowal and Ruiz, the Customs agent. We conclude that, at most, it was a Terry stop. To support _____ such a detention, an officer must have a "reasonable suspicion" based on articulable facts (and rational -3- inferences from the facts) that the person stopped has committed or is engaged in committing a crime. See Terry v. ___ _____ Ohio, 392 U.S. 1, 21 (1968); United States v. Maguire, 918 ____ _____________ _______ F.2d 254, 258 (1st Cir. 1990), cert. denied, 111 S. Ct. 1421 ____________ (1991). To determine whether reasonable suspicion existed, we must look at the "totality of the circumstances." See ___ Illinois v. Gates, 462 U.S. 213, 227 (1983). ________ _____ Here, we are not dealing with the more rigorous "probable cause" standard at issue in Gates. Rather, the _____ question is whether the information in the tip received by the Customs officials was sufficient to support the "reasonable suspicion" required for a Terry stop. Keeping _____ this in mind, it is significant that the tip described future ______ events which were later corroborated by the Customs officials. That is, a Piper Navajo airplane bearing the exact tail number described in the tip landed at Mercedita when the informant said it would. Given the corroboration described above, along with the filing of what was plainly a phony flight plan and the southerly course of the airplane after it left Mercedita Airport in the direction of South America, a Terry stop was warranted. See United States v. _____ ___ _____________ Vargas, 931 F.2d 112, 114 (1st Cir. 1991) (where surveillance ______ indicated that drug transactions were taking place at defendant's apartment as informant had stated and when -4- information in tip was confirmed by police, under "totality of the circumstances," probable cause existed). Ruiz's conduct was consistent with this kind of detention. He identified himself to Conowal as soon as they met. Further, he did not show a gun or act in any other manner which could be deemed coercive. The stop was brief and obviously directed at confirming or dispelling the suspicion that Conowal was engaged in drug smuggling. Indeed, Conowal rapidly confirmed the officer's suspicions by stating that there was cocaine in the aircraft.1 Conowal was not "in custody" at this time and, thus, the Terry stop _____ did not require Miranda warnings. See United States v. _______ ___ _____________ Quinn, 815 F.2d 153, 160-61 (1st Cir. 1987). Hence, _____ Conowal's statement that there was cocaine on board the airplane would have been admissible at trial. This statement alone provided probable cause both for Conowal's arrest and for the search of the suitcases. Probable cause exists where "the facts and circumstances within [an agent's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed ____________________ 1. This response may even have been consensual in nature. See United States v. Rodriguez-Rosario, 845 F.2d 27, 29 (1st ___ ______________ _________________ Cir. 1988) (where defendant's "very first" answer was freely given and alerted the inspector to possibility of a crime being committed, the situation "rapidly escalated from one involving a minimal level of suspicion to one fully justifying arrest upon probable cause"). -5- or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 ____ ____ (1964); see also Maguire, 918 F.2d at 258. We can think of ___ ____ _______ no more "trustworthy" source of this kind of information than Conowal himself. We thus turn to the validity of the warrantless search. First, we note that an individual has a lesser expectation of privacy in an aircraft than in his or her home. See United States v. Zurosky, 614 F.2d 779, 789 (1st ___ _____________ _______ Cir. 1979) (discussing search of a boat), cert. denied, 446 ____________ U.S. 967 (1980). Second, an airplane by its nature is mobile. See United States v. Brennan, 538 F.2d 711, 721 (5th ___ _____________ _______ Cir. 1976) (although an airplane is not the "legal equivalent of an automobile for purposes of search and seizure," the fact that it is more difficult to abscond in an airplane is offset by greater range of escape routes), cert. denied, 429 _____________ U.S. 1092 (1977). Because both probable cause and exigent circumstances existed, the warrantless search was justified under the automobile exception to the warrant requirement. See United States v. Rollins, 699 F.2d 530, 534 (11th Cir.) ___ _____________ _______ (holding that search of aircraft fell within automobile exception to warrant requirement), cert. denied, 464 U.S. 933 ____________ (1983); Brennan, 538 F.2d at 721-22 (same); cf. Zurosky, 614 _______ ___ _______ F.2d at 789-90 (same regarding boat). -6- CONCLUSION __________ Given the fact that the cocaine most likely would have been admissible at trial, combined with the almost certain admissibility of Conowal's pre-arrest statement, we do not think that counsel was remiss in not filing a motion to suppress. Indeed, in pursuing a plea agreement instead, counsel secured for Conowal a sentence significantly below the guideline range. We need go no further.2 For the foregoing reasons, the judgment of the district court is affirmed. We ________ also deny, as moot, Conowal's petition for writ of mandamus ____ requesting that we decide his appeal forthwith. ____________________ 2. We need not address the issue concerning the alleged violation of Conowal's Miranda rights. Even if the _______ confession had been suppressed, Conowal cannot demonstrate prejudice since the evidentiary value of the cocaine and the pre-arrest statement seal his fate. By like token, we need not address the government's contention that the search can be upheld as a lawful "border search." See, e.g., United ___ ____ ______ States v. Victoria-Peguero, 920 F.2d 77, 80 (1st Cir. 1990) ______ ________________ (explaining that a border search is valid on the ground that the item has entered this country from outside), cert. _____ denied, 111 S. Ct. 2053 (1991). ______ -7-